BELSOME, J.,
Concurs in Part and Dissents in Part with Reasons.
Iii respectfully concur with the majority’s affirmation of the continued 50/50 shared custody. I disagree however with this Court providing instructions and orders to the trial court on remand without first finding error with the judgment rendered.
The primary consideration in any determination of child custody is the best interest of the child. Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731, 738; La. C.C. art. 131. As discussed by the majority, the trial court may decline to designate a domiciliary parent if good cause has been shown. La. R.S. 9:336. In declining to designate a domiciliary parent, the trial court evaluated the evidence presented and carefully considered all the factors related to the custody of the children. In this case, as in most child custody cases, the trial court’s determination was based heavily on factual findings. It is well settled that an appellate court cannot set aside a trial court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Additionally, if during the time that has passed since the trial court’s initiation of this proceeding a material change in circumstances has taken place, | «.either party may seek to have the determination of custody revisited. See Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). According *231 ly, I would affirm the judgment in its entirety.